UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ESTATE OF FREDDY GALLO,

    Plaintiff,

  v.                                      17-CV-118
                                          ORDER

BOB EVANS RESTAURANT, and

BOB EVANS FARMS, INC.,

    Defendants.

On January 5, 2017, the Estate of Freddy Gallo commenced this action in New York State Supreme Court, County of Niagara. Docket Item 1-2 at 2. On February 8, 2017, the defendants removed the action to this Court. Docket Item 1. On May 11, 2018, this Court referred this case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 7. On July 17, 2018, Judge McCarthy issued an order to show cause why the action should not be remanded for the failure to demonstrate that the amount in controversy satisfied the amount necessary for subject matter jurisdiction. Docket Item 16 at 4. On July 24, 2018, the defendants responded. On July 27, 2018, Judge McCarthy issued a Report and Recommendation ("R&R") finding that the amount in controversy is less than $75,000 and recommending that the action be remanded to state court. Docket Item 19.

On August 10, 2018, the defendants objected to the R&R, arguing that the plaintiff's settlement demand and claimed injuries make the amount in controversy over

$75,000.  Docket Item 20 8-12.  If the matter is remanded, the defendants ask that damages be limited to $75,000.  *Id.* at 12.  On August 31, 2018, the plaintiff responded to the objections.  Docket Item 22.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  A district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Therefore, this Court reviews the R&R de novo.

This Court has carefully reviewed the thorough R&R, the record in this case, and the objection and response.  Based on that review and for the following reasons, the Court accepts and adopts Judge McCarthy's recommendation to remand.

"Federal courts have a duty to inquire about their subject matter jurisdiction sua sponte, even when the parties do not contest the issue."  *D'Amico Dry Ltd. v. Primera Mar. (Hellas) Ltd.*, 756 F.3d 151, 161 (2d Cir. 2014).  "In order to provide a neutral forum for what have come to be known as diversity cases, Congress . . . has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. Citizens."  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  "To ensure that diversity jurisdiction does not flood the federal courts with minor disputes, § 1332(a) requires that the matter in controversy in a diversity case exceed a specified amount, currently $75,000."  *Id.*

"When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith."  *Dart Cherokee Basin*

2

*Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). "Similarly, when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id*.

28 U.S.C. § 1446(c)(2) provides that:

If removal of a civil action is sought on the basis of the jurisdiction conferred by [§] 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—

(A) the notice of removal may assert the amount in controversy if the initial pleading seeks—

    (i)    nonmonetary relief; or

    (ii)    a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and

(B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in [§] 1332(a)

In this case, the plaintiff's initial state court pleadings do not include a sum demanded, instead demanding "[a]ctual and compensatory damages a sum in excess of the jurisdictional limits of all lower courts."[1] Docket Item 1-2 at 4-5. Because New York state law prohibits plaintiffs from demanding a specific sum in personal injury actions, *see* N.Y.C.P.L.R. § 3017(c), the defendants asserted in their notice of removal that "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs," Docket Item 1 at 2, in accordance with 28 U.S.C. § 1446(A)(ii).

---

[1] Thus the complaint "merely indicates an amount in controversy in excess of $25,000, which represents the jurisdictional limitation of the lower civil courts of New York." *Valente v. Garrison from Harrison LLC*, 2016 WL 126375, at *1 (E.D.N.Y. Jan. 11, 2016).

But subparagraph (B) of 28 U.S.C. § 1446(c)(2), which was added to the removal statute as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, "clarifies the procedure in order when a defendant's assertion of the amount in controversy is challenged" by the plaintiff or the court. *Owens*, 135 S. Ct. at 554. "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id*. When a case is removed to federal court by a defendant, the burden of proof is on the defendant to establish the amount in controversy. *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011); *Crane Equip. & Servs., Inc. v. B.E.T. Constr., Inc.*, 2015 WL 471323, at *1-*2 (W.D.N.Y. Feb. 4, 2015).

Judge McCarthy held a scheduling conference in this case on June 19, 2018. Docket Item 16 at 1. At the conference, plaintiff's counsel asserted that the value of the plaintiff's claim may be less than $75,000. *Id*. Counsel explained that Mr. Gallo

> allegedly sustained a thoracic spine fracture as a result of his fall, for which he had a surgery. At th[e time of the injury] plaintiff was 85 years old and suffering from stage four lung cancer that had metastasized to his brain. Although plaintiff died approximately a year later, plaintiff does not allege that his death was the result of the fall.

*Id*. In light of those representations, undisputed by the defendants, Judge McCarthy found that the amount in controversy did not exceed $75,000.

In their objections, the defendants rely primarily on a settlement demand made by the plaintiff in the amount of $137,000 as evidence that the amount in controversy exceeds $75,000. Docket Item 19 at 2. But as Judge McCarthy accurately observed, "[c]ourts should be alert to the fact that settlement offers can often be wildly unrealistic and constitute mere puffery or posturing rather than a fair or realistic appraisal of a

4

party's damages." *Id.* at 3 (quoting *Burg v. Primal Vantage Co.*, 2014 WL 448519, at *5 (W.D.N.Y. Feb. 4, 2014)). In other words, initial settlement demands can be more of a wish than a value.

The defendants also rely on a verdict returned in a New York State case that the defendants believe is comparable to the case here. See Docket Item 20 at 11-12. But verdicts in other cases are "not dispositive of whether the amount in controversy requirement is satisfied in this particular case." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994). What is more, the case cited by the defendants involves a similar injury sustained by a 52-year-old plaintiff, Docket Item 19 at 4—not an 85-year-old suffering from lung and brain cancer who died about a year after the accident, Docket Item 16 at 1.

The defendants had the option of requesting discovery to develop the record. *See Owens*, 135 S. C.t at 554 (quoting H.R. Rep. No. 112-10, p. 16 (2011)) ("Discovery may be taken with regard to [the] question" of whether the amount in controversy requirement has been met). But the defendants did not do that. And they also did not meet their burden of establishing the amount in controversy.

Finally, the defendants' request that the order remanding this action to state court limit the damages to $75,000 is moot in light of the plaintiff's stipulation to that very fact. *See* Docket Item 22 at 1.

For the reasons stated above and in the Report and Recommendation, the action is remanded to state court; the case is dismissed; and the Clerk of the Court shall close the file.

SO ORDERED.

Dated: January 29, 2019
       Buffalo, New York

                                    *s/ Lawrence J. Vilardo*
                                    LAWRENCE J. VILARDO
                                    UNITED STATES DISTRICT JUDGE